**TECHLAW LLP**
Dana B. Robinson, Esq. (Bar No. 208265)
*dana@techlawllp.com*
Kayla Jimenez, Esq. (Bar No. 292365)
*kayla@techlawllp.com*
Jon Jekel, Esq. (Bar No. 298646)
*jjekel@techlawllp.com*
P.O. Box 1416
La Jolla, CA 92038
Telephone: (858) 488-2545
Facsimile: (858) 777-3347

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| La Terra Fina USA, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> TerraFina, L.L.C., a New York limited liability company; Cormorant Group, L.L.C., a New York limited liability company, <br><br> Defendants. | Case No.:   3:17-cv-3613 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **JURY DEMAND** |

Plaintiff La Terra Fina USA, LLC ("Plaintiff") alleges as follows against Defendant TerraFina, L.L.C. and Defendant Cormorant Group, L.L.C. (collectively, "Defendants"):

## NATURE OF THE CASE

This is an action for Trademark Infringement, Unfair Competition, Trademark Dilution by Blurring, Breach of Contract, Fraud, Deceit, State Trademark Infringement, and State Unfair Competition. Plaintiff seeks actual damages, Defendants' profits, and/or statutory damages, punitive damages, an award of attorneys' fees and costs, and preliminary and permanent injunctive relief.

## PARTIES

1. Plaintiff is a limited liability company, organized and existing under the laws of the State of Delaware, and operating from its headquarters and principal place of business in Union City, California. Plaintiff was formed in 1991, and distributes its products throughout the United States and internationally through stores such as Costco.

2. Defendant TerraFina, L.L.C ("TF") is a New York limited liability company. According to the New York Secretary of State's website, TF is located at 1610 Bathgate Avenue, Bronx, New York 10457. TF distributes and sells products worldwide through its websites www.terrafina.us as well as www.amazon.com.

3. Defendant Cormorant Group, L.L.C. ("Cormorant") is a New York limited liability company. According to the New York Secretary of State's website, Cormorant is located at 204 28th St. Brooklyn, NY 11232. However, Cormorant has indicated that its address is 1610 Bathgate Avenue, Bronx, NY 10457.

## JURISDICTION AND VENUE

4. This is an action for Trademark Infringement under the Lanham Act 15 U.S.C. § 1114 et seq., Unfair Competition arising under the Lanham Act 15 U.S.C. § 1125(a) et seq., Trademark Dilution by Blurring under Lanham Act 15 U.S.C. § 1125(c), Breach of Contract, Fraud, Deceit, State Trademark Infringement under Cal. Bus. & Prof. Code § 14200 et seq., and State Unfair Competition under Cal.

TechLaw LLP
P.O. Box 1416
La Jolla, California 92038
(858) 488-2545 FAX: (858) 777-3347

Page 2 of 19
COMPLAINT – 3:17-cv-3613

1  Bus. & Prof. Code § 17200 et seq. This Court has subject matter jurisdiction over
2  this case pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a), (b) & (c).

3  5.  This Court has personal jurisdiction over Defendants based upon: (a)
4  transaction of business by Defendants by promoting and selling products in this
5  judicial district; (b) commission by Defendants of the infringing and other tortious
6  conduct underlying Plaintiff's claims, directed into this judicial district; and (c)
7  Defendants appearance at the Fancy Foods Show in San Francisco, California, and
8  showing infringing products.

9  6.  This Court has subject matter jurisdiction pursuant to the trademark laws of
10 the United States, 35 U.S.C. § 1 et seq., and pursuant to 28 U.S.C. §§ 1331, 1332,
11 1338(a), (b) & (c), and 2201-2202 because this is an "actual controversy" between
12 Plaintiff and Defendants.

13 7.  The Court has supplemental jurisdiction over the related state law claims
14 pursuant to 28 U.S.C. § 1367, and over the unfair competition claims pursuant to
15 28 U.S.C. § 1338(b). Further, this case primarily involves a federal question,
16 complete diversity of citizenship exists, and the amount in controversy exceeds
17 $75,000.

18 8.  Venue is proper in the United States District Court for the Northern District
19 of California under 28 U.S.C. §§ 1391(b) & (c).

## BACKGROUND FACTS

### Plaintiff and Plaintiff's Products

22 9.  Since Plaintiff's formation in 1991, Plaintiff has been using the name LA
23 TERRA FINA in connection with the manufacture, marketing, and sale of a variety
24 of specialty foods, including quiches, dips, spreads, sauces and hummus.

25 10. Plaintiff owns the incontestable U.S. Registration No. 3953482 for LA
26 TERRA FINA in class 29 and 30 for dairy-based dips, pesto sauce and quiches. A

true and correct copy of this registration certificate is attached hereto as **Exhibit A.**

11.   Plaintiff also owns U.S. Registration No. 5016236 for the LA TERRA FINA logo in class 29 and 30 for dairy-based dips, dairy-based spreads, dips, meat-based spreads, snack dips, vegetable-based spreads, and quiche. A true and correct copy of this registration certificate is attached hereto as **Exhibit B.**

12.   Plaintiff registered its LA TERRA FINA trademark in California for dairy-based dips (Reg. No. 0112954) and pesto sauce and quiches (Reg. No. 0112953). True and correct copies of these California registration certificates are attached to this Complaint as **Exhibit C.**

13.   Plaintiff also has trademark applications and registrations in Canada and Mexico.

14.   Plaintiff has spent a significant amount of time, effort and resources in developing its LA TERRA FINA brand.

15.   Plaintiff sells its LA TERRA FINA products throughout the United States in boutiques and big-box stores alike, such as Costco and Kroger.

16.   Plaintiff also sells its LA TERRA FINA products internationally.

17.   Plaintiff has sold over 100 million LA TERRA FINA products in the United States since 1991.

18.   Plaintiff's LA TERRA FINA trademark is widely recognized throughout the United States. Several articles evidencing this fact are attached as **Exhibit D.**

19.   Plaintiff's LA TERRA FINA products have also received widespread recognition, including the Gold Award at the 1999 Fancy Food Show, Progressive Grocer Editor Pick Award 2013, and the 2015 American Graphic Design Award for Plaintiff's organic dip products.

20.   Consumers throughout the United States identify Plaintiff as the source of

TechLaw LLP
P.O. Box 1416
La Jolla, California 92038
(858) 488-2545 FAX: (858) 777-3347

1  the LA TERRA FINA products, to the extent that LA TERRA FINA is synonymous with Plaintiff's identity in the marketplace.

21. Given the foregoing, Plaintiff's LA TERRA FINA trademark is distinctive and famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

### Defendants and Defendants' Business

22. On July 14, 2006, Defendant Cormorant applied to register TERRAFINA in Class 029 for "roasted nuts, flavored nuts, nut butters, roasted seeds, fruit and nut mixes, including trail mixes," in Class 30 for "confections, including brittles, crunches, chocolate covered nuts, chocolate covered dried fruits," and in Class 31 for "raw nuts, dried fruits, and raw seeds." After the USPTO objected the aforementioned definition of goods, Defendant Cormorant agreed to revise the definition. The current goods listed on the USPTO for TERRAFINA are: Class 029 for "roasted nuts, flavored nuts, nut butters, roasted sunflower and pumpkin seeds, fruit and nut mixes, namely, trail mixes dried fruits," in Class 30 for "confections, namely, brittles, crunch bars, chocolate covered nuts, chocolate covered dried fruit," and in Class 31 for "raw nuts and raw seeds."

23. Defendant Cormorant applied to register TERRAFINA under Lanham Act section 1(a), claiming a date of first use of "at least as early as 01/15/2006."

24. After conducting an inquiry and upon information and belief, Defendant Cormorant did not begin using the TERRAFINA trademark on all goods listed in its trademark application, including but not limited to crunch bars, brittles and nut butters, until after January 15, 2016.

25. The United States Patent and Trademark Office ("USPTO") lists Defendant Cormorant as the current owner of the TERRAFINA trademark registration, Reg. No. 3810927.

26. Defendant Cormorant has not filed a declaration under Section 15 of the

Lanham Act, 15 U.S.C. § 1065, for TERRAFINA.

27.    Defendant TF uses the TERRAFINA trademark to sell and distribute food products online and in brick and mortar stores, including the website www.terrafina.us and www.amazon.com.

28.    Upon information and belief, Defendant TF owns the website www.terrafina.us.

29.    Upon information and belief, Defendant TF and Defendant Cormorant are related and/or have a licensing arrangement for the TERRAFINA trademark.

30.    Upon information and belief, James Locke is the president of Defendant TF and Defendant Cormorant.

31.    Upon information and belief, Defendants use the TERRAFINA trademark to sell and distribute nuts, various confections, trail mixes, dried fruit and nuts, and have recently been advertising TERRAFINA veggie chips, party mix, rice crackers, dried green beans, and yogurt covered pretzels.

### The 2007 Opposition and Settlement

32.    On November 27, 2007, the TERRAFINA trademark was published for opposition.

33.    Plaintiff filed an extension to oppose the TERRAFINA trademark on December 27, 2007, and on March 26, 2008, Plaintiff timely filed a Notice of Opposition (the "Opposition").

34.    Shortly thereafter, Defendant Cormorant and Plaintiff entered into negotiations that ultimately resulted in a settlement agreement, which was executed November 18, 2010 (the "Settlement Agreement").

35.    Under the Settlement Agreement, Plaintiff agreed to, amongst other things, a dismissal of the Opposition.

36.    In exchange, Defendant Cormorant agreed that it would only use

1   TERRAFINA on a specific list of food products.

2   37.   The Settlement Agreement strictly prohibited Defendant Cormorant from using TERRAFINA on any other types of food products except for the list specified in the Settlement Agreement. For instance, Defendant could not sell chips, dried or raw veggies, or dips.

38.   After the Settlement Agreement was executed, the TERRAFINA trademark matured into U.S. Registration No. 3810927.

39.   For about five years, Plaintiff and Defendant Cormorant went about their business without incident.

## Violation of the Settlement Agreement and the Cancellation

40.   In December 2015, Plaintiff discovered Defendant Cormorant was violating the Settlement Agreement by selling veggie chips through the website www.terrafina.us and www.amazon.com.

41.   Plaintiff sent Defendant Cormorant a letter requesting that it cure its breach of the Settlement Agreement and stop selling the veggie chips.

42.   Defendant Cormorant did not stop selling the veggie chips, and the veggie chips continued to be available on www.terrafina.us and www.amazon.com.

43.   Given that Defendant Cormorant did not cure its breach of Settlement Agreement, Plaintiff petitioned to cancel Defendant Cormorant's TERRAFINA trademark on March 29, 2016 (the "Cancellation").

44.   Plaintiff served the Cancellation on Defendant Cormorant per the USPTO's rules, which state that the Cancellation must be served at the address listed on the USPTO's website for the respondent. Defendant Cormorant's address listed at the time the Cancellation was filed was 204 28th St., Brooklyn, New York 11232. This is also the address Defendant Cormorant lists currently (as of 6/22/2017) on the New York Secretary of State's website. A true and correct copy of the New York

TechLaw LLP
P.O. Box 1416
La Jolla, California 92038
(858) 488-2545  FAX: (858) 777-3347

Secretary of State's website dated 6/22/2017 displaying Defendant Cormorant's information is attached hereto as **Exhibit E.**

45. Defendant Cormorant did not answer the Cancellation within the prescribed time period and defaulted. As such, USPTO issued a default judgment against Defendant Cormorant and cancelled the TERRAFINA trademark.

46. However, after the USPTO entered default against the TERRAFINA trademark, counsel for Defendant Cormorant motioned to set aside the default judgment on the grounds that Defendant Cormorant had moved addresses to 1610 Bathgate Avenue, Bronx, New York 10457. The USPTO granted the motion to set aside the default judgment, despite the fact the New York Secretary of State's website still listed (and currently lists as of 6/22/2017) the address for Defendant Cormorant at 204 28th St. Brooklyn, New York 11232.

47. The Cancellation proceeding re-opened in November 2016, and is currently pending.

48. Defendant Cormorant filed a motion to dismiss the Cancellation, which was denied on April 17, 2017, pending an amended petition, which was duly filed.

### Defendants' Current Conduct and Infringement

49. On January 25, 2017, Plaintiff attended the Fancy Food Show in San Francisco, California (the "Fancy Food Show").

50. Defendants exhibited at the Fancy Food Show, and displayed products bearing the name TERRAFINA that were prohibited by the Settlement Agreement.

51. For example, Defendants displayed "dippers" (food one uses to scoop or dunk in a dip, such as crackers or chips) at the Fancy Food Show.

52. Plaintiff received comments from customers asking if Plaintiff was the one displaying the dippers and other products at the Fancy Food Show under the TERRAFINA name.

53. In particular, a representative from a packaging printing company that is one of Plaintiff's vendors sent Plaintiff a message. The message included a photo of Defendants' booth, and indicated that the representative was confused as to whether Defendants and Plaintiff were associated.

54. The presence of these dipper products at the Fancy Food Show alerted the Plaintiff that Defendants might be testing a potential new product, or actually selling such a product.

55. Plaintiff then promptly investigated the extent of Defendants' sales of the prohibited products, including the dippers.

56. Plaintiff then discovered that Defendants appeared to be promoting veggie chips, rice chips, party mix, green bean chips, and yogurt covered pretzels under the name TERRAFINA, and that Defendants appeared to be promoting these throughout the United States, including in this judicial district.

57. The products Defendants appear to be promoting under the name TERRAFINA, including the dippers, are prohibited by the Settlement Agreement.

58. Plaintiff and Defendants attend the same trade shows and sell products in similar stores. As such, Plaintiff's customers and Defendants' customers are likely to encounter both parties' products.

59. Defendants' and Plaintiff's retail buyers and customers crossover.

60. To date, Defendants appear to offer the new products that display the TERRAFINA trademark without Plaintiff's authorization, in violation of the Settlement Agreement.

61. Upon information and belief, Defendants have and continue to promote the new products displaying the TERRAFINA name to buyers in this judicial district.

62. If Defendants sell these new products under the TERRAFINA name, Plaintiffs will be irreparably harmed.

63. Defendants also continue sell their old products under the TERRAFINA name in this Judicial District.

64. If Defendants continue to sell their old products under the TERRAFINA name, Plaintiffs will be irreparably harmed.

## COUNT I

(Trademark Infringement – Lanham Act, 15 U.S.C. § 1114 et seq.)

65. Plaintiff incorporates the preceding allegations as if fully set forth herein.

66. Plaintiff owns the incontestable federal trademark registration for LA TERRA FINA (Registration No. 3953482).

67. Plaintiff also owns U.S. Registration No. 5016236 for the LA TERRA FINA logo, and the California state trademark registrations for LA TERRA FINA (Reg. Nos. 0112954 and 0112953).

68. Plaintiff has used its LA TERRA FINA trademark in commerce continuously and exclusively since 1991.

69. Plaintiff never abandoned or discontinued its use of LA TERRA FINA in connection with its business and goods.

70. As such, Plaintiff has priority over Defendants, who began use of TERRAFINA over a decade after Plaintiff began using LA TERRA FINA.

71. Plaintiff's longstanding use of the LA TERRA FINA trademark grants Plaintiff the exclusive right to use the mark in commerce in connection with the goods and services specified in the application.

72. Defendants had both actual and constructive knowledge of Plaintiff's ownership and rights in its federally registered trademark prior to Defendants' infringing use of the trademark.

73. Defendants' and Plaintiff's goods are both food items, and both Defendants and Plaintiff specifically offer snack items, which appear in the same area of

grocery stores.

74. Defendants offer their goods under the infringing TERRAFINA trademark in the same channels of trade as Plaintiff offers its goods.

75. Defendants' use of TERRAFINA is likely to cause and has caused confusion, mistake or deception as to the affiliation, connection or association of Plaintiff with Defendants in violation of 15 USC § 1114.

76. Defendants' unauthorized use, in commerce, of TERRAFINA constitutes trademark infringement under the Lanham Act.

77. Defendants' unauthorized use of TERRAFINA caused, and continues to cause, irreparable harm to the LA TERRA FINA brand. Therefore, because monetary damages alone cannot fully compensate Plaintiff, Plaintiff is entitled to preliminary and permanent injunction from further unauthorized use of TERRAFINA by Defendants, pursuant to § 1116, as well as the seizure and destruction of any TERRAFINA products in Defendants' possession.

78. Defendants' trademark infringement, under § 1117, entitles Plaintiff up to $100,000 per counterfeit mark sold, offered for sale or distributed; and up to $1,000,000 per counterfeit mark if the unauthorized use of the mark was willful.

79. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within 15 U.S.C. § 1117.

80. Plaintiff is entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

## COUNT II

(Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a) et seq.)

81. Plaintiff incorporates the preceding allegations as if fully set forth herein.

82. Defendants and Plaintiff compete in the same market space.

83. Defendants' and Plaintiff's goods are also both food items, and travel in similar channels of trade.

84. Defendants and Plaintiffs also specifically both sell snack items, which appear in the same area of stores.

85. While Defendant Cormorant previously had consent of Plaintiff to use the TERRAFINA mark on certain specific goods (dried fruits, nuts, etc.), the Plaintiff has not agreed to allow the use of the mark on products outside of those listed in the Settlement Agreement.

86. Defendants' TERRAFINA name is for all intents and purposes identical to Plaintiff's LA TERRA FINA trademark, as "la" is Spanish and Italian for the word "the."

87. Thus, consumers would recognize Defendants' TERRAFINA name as the same, or a close approximation of, a name or identity used by Plaintiff.

88. Plaintiff has used LA TERRA FINA in commerce continuously and exclusively since 1991.

89. Plaintiff never abandoned or discontinued use of its LA TERRA FINA trademark in connection with its business and goods.

90. As such, Plaintiff has priority over Defendants, who began using TERRAFINA over a decade after Plaintiff began using LA TERRA FINA.

91. Plaintiff's LA TERRA FINA brand is a well-known, famous trademark, as a result of Plaintiff's extensive marketing and sales of its LA TERRA FINA products since 1991.

92. The fame attendant to Plaintiff's LA TERRA FINA trademark is further exemplified by the fact that Plaintiff's goods have been decorated by third-party organizations, including receiving the Gold Award at the 1999 Fancy Foods Show,

Progressive Grocer Editor Pick Award 2013, and the 2015 American Graphic Design Award.

93.  Due to the fame and reputation of Plaintiff's LA TERRA FINA trademark, consumers throughout the United States identify Plaintiff as the source of LA TERRA FINA goods, such that LA TERRA FINA is synonymous with Plaintiff's identity in the marketplace.

94.  Given that Plaintiff's name, LA TERRA FINA, is famous throughout the United States and enjoys a positive reputation with consumers, when Defendants' functionally identical TERRAFINA mark is used on Defendants' goods, a connection with Plaintiff is presumed.

95.  As such, Defendants' use in commerce of TERRAFINA, as used on goods that do not emanate from Plaintiff, constitutes a false designation of origin by representing that Defendants' goods are those of Plaintiff, when they are not.

96.  Defendants' use in commerce of TERRAFINA with knowledge that Plaintiff owns, has used, and continues to use, the trademark LA TERRA FINA constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about their goods.

97.  Defendants have deliberately and willfully attempted to trade on Plaintiff's longstanding goodwill in Plaintiff's name, trademarks and reputation that Plaintiff has established in connection with its products, and has done so to confuse consumers as to the origin, association and sponsorship of Defendants' goods.

98.  Defendants' conduct has confused or is likely to confuse consumers as to the origin, association, connection or sponsorship of Defendants' products in violation of 15 USC § 1125(a).

99.  As the direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its

1 business, reputation, and goodwill.

## COUNT III

(Trademark Dilution by Blurring – 15 U.S.C. § 1125(c))

100. Plaintiff incorporates the preceding allegations as if fully set forth herein.

101. Plaintiff's LA TERRA FINA brand is a well-known, famous trademark, as a result of Plaintiff's extensive marketing and sales of its LA TERRA FINA products since 1991.

102. Plaintiff sells its products throughout the United States in boutique markets, supermarkets, grocery stores and big box stores alike, such as Costco and Sam's Club.

103. Plaintiff has sold over 100 million LA TERRA FINA products since 1991.

104. The fame attendant to Plaintiff's LA TERRA FINA trademark is exemplified by the fact that Plaintiff's goods have been decorated by third-party organizations, including receiving the Gold Award at the 1999 Fancy Foods Show, Progressive Grocer Editor Pick Award 2013, and the 2015 American Graphic Design Award. Numerous blogs and news articles discuss LA TERRA FINA. See **Exhibit D.**

105. Due to the fame and reputation of Plaintiff's LA TERRA FINA trademark, consumers throughout the United States identify Plaintiff as the source of LA TERRA FINA goods, such that LA TERRA FINA is synonymous with Plaintiff's identity in the marketplace and is widely recognized by American consumers.

106. Given the foregoing, Plaintiff's LA TERRA FINA trademark is a "famous mark" as defined by the Lanham Act.

107. Defendants' use of TERRAFINA has and is likely to dilute Plaintiff's LA TERRA FINA trademark.

108. As the direct and proximate result of such dilution, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business,

TechLaw LLP
P.O. Box 1416
La Jolla, California 92038
(858) 488-2545 FAX: (858) 777-3347

reputation, and goodwill.

## COUNT IV

(Breach of Contract)

109. Plaintiff incorporates the preceding allegations as if fully set forth herein.

110. The Settlement Agreement constituted a valid agreement between Plaintiff and Defendant Cormorant.

111. Defendant Cormorant breached the Settlement Agreement by selling and/or promoting products prohibited by the Settlement Agreement.

112. The breach by Defendant Cormorant was not excused by any conduct of Plaintiff or any third party.

113. The breach by Defendant Cormorant was not a result of Plaintiff's failure to perform a condition precedent.

114. The Plaintiff was damaged by Defendant Cormorant's breach of the Settlement Agreement.

115. The damages sustained by Plaintiff are reasonably ascertainable.

116. The damages were a foreseeable consequence of Defendant Cormorant's breach.

117. Where applicable, this Court may order specific performance to prohibit the Defendant from selling goods in contravention of the Settlement Agreement.

## COUNT V

(Fraud)

118. Plaintiff incorporates the preceding allegations as if fully set forth herein.

119. Defendant Cormorant, through its founder, James Locke, defrauded Plaintiff by entering into the Settlement Agreement under false pretenses and intentionally misrepresenting to Plaintiff that it would not compete with Plaintiff when in fact it intended to.

120. Defendant Cormorant made these misrepresentations in order to end the Opposition and allow its TERRAFINA trademark application to register.

121. Defendant Cormorant's misrepresentations were material to Plaintiff entering into the Settlement Agreement and ending the Opposition.

122. Defendant Cormorant's misrepresentations to Plaintiff resulted in Defendant Cormorant receiving a trademark registration for TERRAFINA.

123. In addition, an investigation revealed Defendant Cormorant did not begin selling all of the goods listed within the identification for the TERRAFINA trademark application until well after the date it declared it first began using TERRAFINA, "at least as early as 01/15/2006."

124. For instance, upon information, belief and the investigation, Defendant did not use its mark on crunch bars, brittles and nut butters until after January 15, 2006, and after the filing date of its application, July 14, 2006.

125. In fact, the specimen Defendant Cormorant submitted with the application for TERRAFINA is only Defendant Cormorant's logo. It does not show the use of TERRAFINA on any of the goods Respondent claimed in its trademark application.

126. Defendant Cormorant knew it was not using TERRAFINA on all the goods listed in its trademark application on January 15, 2006, but made an intentional representation to the contrary to the USPTO in its trademark application.

127. Defendant Cormorant made this intentional and material misrepresentation in order to deceive the USPTO into granting the trademark registration for TERRAFINA.

128. This intentional misrepresentation was material to Defendant receiving the registration for TERRAFINA.

129. For the foregoing reasons, Plaintiff respectfully submits that the federal

registration for TERRAFINA was procured fraudulently, and therefore, may be subject to cancellation pursuant to Lanham Act Section 14(3), 15 U.S.C. §1064(3).

130. Defendants' fraudulent activities have also damaged Plaintiff in an amount to be determined at trial.

## COUNT VI

(Deceit)

131. Plaintiff incorporates the preceding allegations as if fully set forth herein.

132. Given the aforementioned conduct, Defendants have deceived Plaintiff and Plaintiff's customers to the detriment of everyone involved.

133. Defendants' deceitful activities have damaged Plaintiff in an amount to be determined at trial.

## COUNT VII

(State Trademark Infringement under Cal. Bus. & Prof. Code § 14200 et seq.)

134. Plaintiff incorporates the preceding allegations as if fully set forth herein.

135. By virtue of having used and continuing to use the LA TERRA FINA trademark, the Plaintiff has acquired common law rights in the trademark.

136. Plaintiff has two California Trademark Registrations for LA TERRA FINA.

137. Defendants' infringing use of the TERRAFINA trademark is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services and/or goods originate from, or are affiliated with or endorsed by Plaintiff, when, in fact, they are not.

138. As the direct and proximate result of Defendants' infringement of Plaintiff's common law and state trademark rights, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

///

TechLaw LLP
P.O. Box 1416
La Jolla, California 92038
(858) 488-2545  FAX: (858) 777-3347

## COUNT VIII

(State Unfair Competition –Cal. Civ. Code § 17200 <u>et seq.</u>)

139. Plaintiff incorporates the preceding allegations as if fully set forth herein.

140. Upon information and belief, Defendants engaged in the sale of products that use substantially an identical mark to Plaintiff's trademark LA TERRA FINA.

141. Defendants have used Plaintiff's name to divert sales from Plaintiff for their own benefit.

142. Defendant's advertising and sale of products bearing the TERRAFINA name and Defendant's use of TERRAFINA has caused irreparable harm to Plaintiff, and will continue to do so unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. Preliminary and permanent injunctive relief to prevent ongoing infringement and unfair competition consisting of:

1. An order prohibiting Defendants from using the mark TERRAFINA or any similar mark or company name;

2. An order instructing Defendants to deliver to Plaintiff any and all goods bearing the TERRAFINA name;

3. An order requiring Defendants to cease all conduct which implies that Defendants or their entities are affiliated with, endorsed by or sponsored by Plaintiff;

B. An accounting by Defendants to Plaintiff for all conduct to the date of the entry of the order;

C. Compensatory damages for trademark infringement;

D. Compensatory damages for unfair competition;

TechLaw LLP
P.O. Box 1416
La Jolla, California 92038
(858) 488-2545  FAX: (858) 777-3347

E. Compensatory damages for trademark dilution;

F. Compensatory damages for breach of contract;

G. Compensatory damages for fraud;

H. Compensatory damages for deceit;

I. Pursuant to 15 U.S.C. § 1117(c), statutory damages of up to $100,000 for each trademark infringement, and up to $1,000,000 for each willful trademark infringement;

J. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4) and (5), and 15 U.S.C. §§ 1114 and 1125(a), full costs in litigating this matter, including reasonable attorneys' fees;

K. Punitive damages for Defendants' willful and malicious conduct; and

L. All other relief to which Plaintiff is entitled.

DATED  June 22, 2017

                TECHLAW, LLP

                By */s/ Dana B. Robinson*
                Dana B. Robinson (Bar No. 208265)
                P.O. Box 1416
                La Jolla, CA 92038
                dana@techlawllp.com

                Attorneys for Plaintiff

TechLaw LLP
P.O. Box 1416
La Jolla, California 92038
(858) 488-2545   FAX: (858) 777-3347